```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X
                                         :      ECF CASE
JUAN A. MEJIA,                           :
                                                06 Civ. 7024 (WCC)
                       Plaintiff,        :

        - against -                      :      OPINION
                                                AND ORDER
NICHOLAS A. BARILE,                      :

                       Defendant.        :
- - - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

                KEVIN CONCAGH, P.C.
                **Attorneys for Plaintiff**
                225 Broadway
                New York, New York 10007

KEVIN CONCAGH, ESQ.
    Of Counsel

                LAW OFFICE OF THOMAS G. CONNOLLY
                **Attorneys for Defendant**
                60 East 42 Street, Suite 601
                New York, New York 10165

THOMAS G. CONNOLLY, ESQ.
    Of Counsel

**Copies E-Mailed to Counsel of Record**

**CONNER, Senior D.J.:**

Plaintiff Juan A. Mejia brings this negligence action against defendant Nicholas A. Barile, alleging that, while driving on North Main Street in Monroe, New York, defendant struck plaintiff, a pedestrian, with his vehicle, causing plaintiff to sustain severe physical injuries. Defendant now moves to dismiss the action pursuant to FED. R. CIV. P. 12(b)(1), contending that although plaintiff is a citizen of Honduras, his New York residence destroys diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1] For the reasons that follow, defendant's motion is denied.

**BACKGROUND**

When considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), a court must "accept as true all [of plaintiff's] material factual allegations. . . ." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183 (1984)). Accordingly, the following factual background is derived from the allegations of plaintiff's Complaint.

Although plaintiff is a citizen of Honduras, he entered the United States illegally in 2004 and

---

[1] Defendant moves, in the alternative, for a hearing regarding plaintiff's immigration and citizenship status pursuant to FED. R. CIV. P. 12(d). FED. R. CIV. P. 12(d) provides:

> The defenses specifically enumerated (1)-(7) in subdivision (b) of this rule, whether made in a pleading or by motion, and the motion for judgment mentioned in subdivision (c) of this rule shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial.

Clearly, the rule does not, as defendant contends, provide for the holding of the hearing that defendant requests. In any event, defendant does not contest that plaintiff: (1) is a citizen of Honduras; and (2) entered the United States unlawfully, and thus a hearing to evaluate his immigration status is unnecessary.

now resides at 45 North Main Street in Monroe, New York.  (Complt. ¶ 1.) On June 1, 2006, defendant, a New York citizen, was driving his vehicle on North Main Street in Monroe and inadvertently struck plaintiff, who was walking along the road. (*Id*. ¶¶ 2, 7-9.) As a result of the collision, plaintiff sustained serious and permanent physical injuries. (*Id*. ¶ 11.) This litigation ensued.

## DISCUSSION

Although, as previously stated, the Court must accept plaintiff's factual allegations as true, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Drakos*, 140 F.3d at 131 (citing *Norton v. Larney*, 266 U.S. 511, 515 (1925)).  When determining whether subject matter jurisdiction exists, a court may properly refer to evidence beyond the pleadings to resolve disputed jurisdictional facts. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "Thus, the standard used to evaluate a Rule 12(b)(1) claim is akin to that for summary judgment under FED. R. CIV. P. 56(e)." *Serrano v. 900 5th Ave. Corp.*, 4 F. Supp. 2d 315, 316 (S.D.N.Y. 1998).  Plaintiff bears the burden of establishing the court's jurisdiction by a preponderance of the evidence.  *See Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996).

28 U.S.C. § 1332(a)(2) provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state." In the present case, wherein there is no dispute that: (1) defendant is a New York citizen; and (2) the amount in controversy requirement is satisfied, our inquiry is limited to determining whether plaintiff

has adduced sufficient evidence that he is a Honduran citizen for the purposes of § 1332. To that end, plaintiff has submitted to the Court his sworn affidavit, along with a copy of his birth certificate, both of which state that he was born in Concepcion, Honduras on February 2, 1988. (Concagh Aff'm, Ex. A (Mejia Aff., Ex. A).) Defendant has not contested plaintiff's Honduran citizenship and we find that he has met his burden of proving, as a factual matter, that he is citizen of Honduras. Defendant nonetheless contends that plaintiff is a New York domiciliary, and thus a New York citizen for diversity jurisdiction purposes. (Connolly Aff'm ¶ 3.) Although we lack sufficient evidence to determine plaintiff's true domicile, we assume, for the purposes of the present motion, that he is domiciled within the State of New York.

We begin by noting that, in the context of diversity of citizenship pursuant to § 1332, citizenship and domicile do not always converge. As Judge Haight succinctly stated:

> [I]n a diversity action between United States citizens of different states pursuant to 28 U.S.C. §1332(a)(1), citizenship is equivalent to domicile. *Sadat v. Mertes*, 615 F.2d 1176, 1180 (7th Cir. 1980); *Hawes v. Club Ecuestre el Comandante*, 598 F.2d 698, 701 (1st Cir. 1979). However, in "alienage jurisdiction" cases under section 1331(a)(2), where the grant of federal jurisdiction is founded on the fear of giving offense to foreign countries, domicile is irrelevant. *Sadat, supra*, 615 F.2d at 1183. An alien residing in the United States is nonetheless a foreign citizen for purposes of section 1332(a)(2). . . . Thus, even when a resident alien sues a United States citizen residing in the same state, section 1332(a)(2) provides federal district courts with jurisdiction. *See, e.g., C.H. Nichols Lumber Co. v. Franson*, 203 U.S. 279, 282-83 (1906) (diversity existed when alien plaintiff and defendant were both residents of State of Washington).

*Symister v. Rossi*, No. 85 Civ. 1266, 1985 U.S. Dist. LEXIS 13927, at *6-7 (S.D.N.Y. Nov. 14, 1985) (citations omitted); *see also Breedlove v. Nicolet*, 32 U.S. 413, 431-32 (1833) (Marshall, CJ.) ("If originally aliens, [plaintiffs] did not cease to be so, nor lose their right to sue in the federal court, by a residence in Louisiana. Neither the constitution nor acts of congress require that aliens should reside abroad to entitle them to sue in the courts of the United States.").

3

Although § 1332 was amended in 1988 to provide that "[f]or the purposes of this section . . . an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled," courts have consistently construed this provision as applying only to those aliens who have been formally granted permanent residence within the country. *See, e.g.*, *Foy v. Schantz, Schatzman & Aaronson, P.A.*, 108 F.3d 1347, 1348-49 (11th Cir. 1997) ("The use of 'admitted' in the statute suggests that Congress intended § 1332(a) to apply to individuals who have been allowed to enter this country for permanent residence by the INS. The plain language of the statute therefore directs courts to refer to an alien litigant's official immigration status."); *Fleming v. Fed Ex Freight E., Inc.*, No. 06-11275, 2006 U.S. Dist. LEXIS 49097, at *3 (E.D. Mich. June 23, 2006) ("Aliens who have obtained lawful permanent resident status under the immigration laws (*i.e.*, aliens with green cards) are considered aliens admitted for permanent residence."); *Kato v. County of Westchester*, 927 F. Supp. 714, 716 (S.D.N.Y. 1996) (Conner, J.) ("[A]liens who have been accorded lawful permanent resident status under the immigration laws are considered aliens 'admitted for permanent residence,' while aliens admitted to the United States on temporary nonimmigrant visas are not."); *Chavez-Organista v. Vanos*, 208 F. Supp. 2d 174, 176 (D.P.R. 2002) ("Only an alien who has established legal permanent residence, *i.e.*, obtained a 'green card' can be considered a 'citizen' of an American state."); *Chan v. Mui*, No. 92 Civ. 8258, 1993 U.S. Dist. LEXIS 14693, at *5 (S.D.N.Y. Oct. 20, 1993) ("[Defendant] asserts that § 1332's reference to 'permanent residence' encompasses aliens permanently but illegally residing in the United States. . . . Under this interpretation of the statute, plaintiff is a resident of Oklahoma because he lives there and has applied to the Immigration and Naturalization Service for permanent resident status. . . . This argument is contrary to the plain language of the statute and is inconsistent with the vast

majority of decisions interpreting § 1332." (citations omitted)); *Miller v. Thermarite Pty. Ltd.*, 793 F. Supp. 306, 307 (S.D. Ala. 1992) ("[I]t is clear that the statute affects only the status of those aliens with 'green cards . . . .'").

Defendant contends that plaintiff should not be considered a citizen of a foreign state because: "There is no passport, no visa, no temporary work visa, nothing to establish an *official immigration status*." (Def. Mem. Supp. Mot. Dismiss at 2 (emphasis in original).) Defendant's assumed requirement of an official determination of immigration status, however, is misplaced, as only one official classification has any bearing on our inquiry, namely, whether plaintiff is a lawfully admitted permanent resident alien. Plainly, he is not and, accordingly, his New York domicile does not affect this Court's subject matter jurisdiction.

## CONCLUSION

For all of the foregoing reasons, the motion of defendant Nicholas A. Barile to dismiss plaintiff's Complaint for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) is denied.

SO ORDERED.

Dated: White Plains, New York
April 13, 2007

*[signature: William C. Conner]*
Sr. United States District Judge

5